## CONVERSION OF STREET INTO A VIADUCT CAN NOT BE ENJOINED BY AN ABUTTING OWNER.

Court of Appeals for Hamilton County.

THE CINCINNATI UNION STOCK YARDS COMPANY V. THE CITY OF CINCINNATI.*

Decided, July 21, 1913.

*Tax-Payer—Barred from Bringing an Action on Behalf of the Municipality, When—Ordinance May be Regarded as Containing but One Subject Although Treating of Many Matters of Detail—Abutting Owner Relegated to an Action for Damages and an Injunction Not Allowed to Prevent Public Improvement.*

1. The right of a tax-payer to bring an action on behalf of the city is barred, where the question which he desires to raise is one which might properly have been raised and litigated in a previous action brought by the city solicitor and carried to a final judgment.

2. An ordinance relating to a separation of grades at a crossing of a street over railway tracks will be deemed to contain but one subject, notwithstanding many matters of detail may be involved therein.

3. The fact that an abutting property owner may be greatly inconvenienced by the conversion of the street in front of his property into a viaduct and may lose a portion of his land through appropriation for that purpose, and it is evident the damage he is about to sustain to his remaining property will be very great, yet the fact that he has a complete remedy by way of compensation deprives him of the right to an injunction against the carrying forward of the improvement, where it appears that it will be of great benefit to the community at large.

*Paxton, Warrington & Seasongood,* for plaintiff.

*Harmon, Colston, Goldsmith & Hoadly,* for B. & O. S. W. R. R.

*Stanley Merrell,* Assistant Solicitor, for city.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

This case was heard on appeal from the court of common pleas, and is a suit brought by plaintiff in the dual capacity as a tax-payer of said city of Cincinnati on behalf of said city, and as an

---

*Affirming *Cincinnati Union Stock Yards Co. v. City of Cincinnati,* 14 N.P.(N.S.), 529.

individual. The suit is to enjoin the city from proceeding under Ordinance 141 providing for the separation of grades at the intersection of Hopple street and the tracks of the Baltimore & Ohio Southwestern Railroad.

The court is of the opinion that the right of the plaintiff to proceed on behalf of the city as a tax-payer is barred by the suit brought by the city of Cincinnati by its city solicitor in case No. 150293 and the judgment therein. See *Thoms* v. *Greenwood*, 6 O. Dec. Reprint, 320:

"Where the solicitor of a city prosecutes under Section 159 of the municipal code, an action to final judgment, no tax-payer of the corporation has the right to maintain any action for the same cause, but all become bound by the judgment finally rendered in such case. All questions and matters involved in the determination of such suit, or that could or might have been raised thereby, are concluded and finally settled by the judgment rendered in said case as to all persons whomsoever the same being *res adjudicata*."

The questions raised in the suit referred to above were the validity of the same ordinance that is here attacked and the rights of the city to proceed thereunder. And while the point made and particularly relied upon by the plaintiff in that case was that money had not been certified to be in the treasury under the provisions of Section 3806, General Code, still all other questions that are raised in this case by plaintiff in its capacity as a tax-payer could have been raised and litigated in that case and should have been there considered. *Cov. & Cin. Bridge Co.* v. *Sargent*, 27 O. S., 233; *Hixon* v. *Ogg*, 53 O. S., 361 *Strangward* v. *Am. Brass Bedstead Co.*, 82 O. S., 121.

In the last case the second proposition of the syllabus is as follows:

"When a matter has been finally determined in an action between the same parties by a competent tribunal, the judgment is conclusive, not only as to what was determined, but also as to every other question which might properly have been litigated in the case."

It therefore becomes a question as to the rights of the plaintiff suing as the owner of property abutting upon said improvement

in its individual right, and not on behalf of the city of Cincinnati, to enjoin the doing of the work under said ordinance. Plaintiff relies upon the case of *The P., C., C. & St. L. R. R. Co.* v. *Greenville,* 69 O. S., 487, as showing a right in every instance in a property owner to inquire into the regularity and validity of the proceedings for appropriation in an independent suit before the hearing of appropriation proceedings can be had. We do not think that the decision in this case would apply to an individual owner of property in all cases. The question there decided was whether a railroad company, which was exercising necessary public functions and had power of eminent domain for such purpose, could have its tracks interfered with by the extension of streets across same, where it could show that necessity did not require it.

While the business of the plaintiff in this case in carrying on its stockyard is an important business to the community, and the interference may be very hurtful to the business and may require heavy damages paid by the city under such appropriation proceedings, still it possesses no power of eminent domain and does not perform such public functions as would permit it to prevent the extension of a street or public way across or along its property after full compensation for same had been determined and paid. We seriously question, therefore, whether as such property owner, in advance of the hearing of the appropriation proceedings, it would have a right to enjoin. As an owner of abutting property, however, it has a peculiar interest in the street which is to be changed by these proceedings and a part of which is to be vacated. We have considered fully, therefore, the reasons presented by it why an injunction should issue.

Ordinance 141 involves the consideration of many questions, but all of the matters embraced within it relate to the subject of the separation of grades at the intersection of Hopple street and the railroad, and the ordinance therefore does not violate Section 4226, General Code, which provides that:

"No ordinance, resolution or by-law shall contain more than one subject, which shall be clearly expressed in its title."

The title is sufficiently broad to include all of the provisions of the ordinance, and the requirement of the statute is not to be

determined by its form but rather in the light of the mischief the statute was intended to prevent. *Heffner* v. *City of Toledo*, 75 O. S., 413.

The objection made that the city intends to build the viaduct sixty feet wide, while the present street grade. crossing is only forty feet in width, and that the railroad company is only required to pay fifty per cent. of what the cost would be if the city had constructed a forty-foot viaduct instead of the one provided for, is a question with which the plaintiff can not be concerned except in its capacity as a tax-payer, and that we have already shown can not be pressed by it in this case. But the court is of the opinion that the provision made by the city is all that can be insisted upon by it under the provisions of the law as it existed at the inception of this improvement. To enforce the sharing of the cost by the railroad company of the completed viaduct sixty feet in width would require first that the present grade crossing be widened to a sixty-foot crossing, before it could be abolished and replaced by a sixty-foot viaduct. This would require the outlay and expense of condemnation to first provide for the wider grade crossing, and then would require that all of the proceedings be started again, *de novo,* to provide for the sixty-foot viaduct. Whether or not the time and the expense involved would be repaid by the increased contribution thus to be levied upon the railroad company is a practical question of administration that is addressed to the legislative and executive officers of the city rather than to the courts. They have, as we think, properly acted upon this question within their powers, and if they have the right by the process we have indicated to build a sixty-foot viaduct by first widening the crossing, it would clearly seem that they had the right to build the wider viaduct as proposed in abandoning the present crossing.

The testimony showed that the plaintiff will be greatly inconvenienced in its business by the new improvement, but such inconvenience and damage can all be conmpensated for in money and will all be taken into consideration by the court in the appropriation proceedings, and while the damage is claimed in this proceeding to be irreparable, after all it becomes merely a question of compensation to be determined in the appropriation pro-

ceedings and does not authorize plaintiff to interfere with an improvement which is of great importance to the municipality and its citizens and which, planned as it is to protect and save human life, should not be delayed when plaintiff has a complete and adequate remedy for all damages to be suffered by it, in appropriation proceedings.

The relief prayed for by plaintiff will therefore be denied, and the petition dismissed at its costs.