CITY OF CINCINNATI, EX REL. CROTTY ET AL., APPELLEES, *v.*
CITY OF CINCINNATI ET AL., APPELLANTS.

(No. 76-795—Decided April 20, 1977.)

28

*Mr. Robert E. Manley,* for appellees.

*Mr. Thomas A. Luebbers,* city solicitor, *Mr. Philip S. Olinger* and *Ms. Patricia W. Morrison,* for appellants City of Cincinnati et al.

*Mr. William J. Brown,* attorney general, and *Mr. Bruce E. Cryder,* for appellant Director of Environmental Protection.

*Per Curiam.* It is a generally accepted rule that in absence of fraud or collusion, a judgment for or against a governmental body, such as a municipal corporation, is binding and conclusive as *res judicata* on all residents, citizens and taxpayers with respect to matters adjudicated which are of general and public interest,[1] except where the proceedings were not of an adversary character.[2] This rule

---

[1]*Thoms* v. *Greenwood* (1878), 6 Ohio Dec. Rep. 639, affirmed 3 W. L. B. 1057; *Cincinnati Union Stock Yards Co.* v. *Cincinnati* (1913), 1 Ohio App. 452; *Griffin* v. *Roseburg* (Ore. 1970), 464 P. 2d 691; *Greenberg* v. *Chicago* (1912), 256 Ill. 213, 99 N. E. 1039; 1 Freeman on Judgments 956 (5 Ed. 1925); 50 Corpus Juris Secundum 337-40; 46 American Jurisprudence 2d 742.

[2]*Lakewood* v. *Rees* (1937), 132 Ohio St. 399, 8 N. E. 2d 250.

is in accordance with the general policy favoring finality of judgments where a matter has been litigated upon the merits. Where, as here, the case involves a single cause of action, the prior judgment is conclusive not only as to what was determined in the prior action, but also as to all material facts or questions which properly might have been litigated in the case.[3] The claims that fluoridation infringes upon religious freedom and upon equal protection are matters which properly could have been litigated in the prior action and which also were dismissed by this court in *Canton* v. *Whitman, supra* (44 Ohio St. 2d 62), and *Kraus* v. *Cleveland* (1955), 163 Ohio St. 559, 127 N. E. 2d 609.

A more difficult question is raised by the claim that fluoride is a carcinogen based on statistics that the cancer death rate has increased in certain cities with fluoridated water, while remaining the same in certain other cities which do not fluoridate. The evidence for this claim has not been tested by litigation and is disputed by other authorities. This evidence has also been submitted to federal agencies and to the Congress.[4] If scientifically proved, these claims could raise legitimate questions as to the constitutionality of fluoridation as a public health measure, and, since these claims are based upon very recent studies, the purposes underlying the principle of *res judicata* would probably not be served by barring litigation to determine the validity of the claims. However, in the present cause, the complaint was properly dismissed by the Court of Common Pleas for a different reason.

The claim which was presented is in actual effect a claim that the order of the Director of Environmental Protection, affirmed in *Cincinnati* v. *Whitman, supra*, should now be reversed because the presence of fluorides in public water

[3]*Schimke* v. *Earley* (1962), 173 Ohio St. 521, 184 N. E. 2d 209; *Quinn* v. *State, ex rel. Leroy* (1928), 118 Ohio St. 48, 160 N. E. 453.

[4]Congressional Record, Dec. 16, 1975, Page H12732; Hearings before a Subcommittee of the Committee on Appropriations House of Representatives, Ninety-Fourth Congress, Second Session, Part 7, pages 1018-21 and 1063-70 (1976).

supplies is a danger to health. Under R. C. 6111.12, the statutory procedure for claims that a public water supply is impure and dangerous to health is by complaint to the Environmental Protection Agency. Further, under R. C. 3745.04, an appeal "for an order vacating or modifying the action of the Director of Environmental Protection" may be brought before the Environmental Board of Review and "the Environmental Board of Review has exclusive original jurisdiction over any matter which may, under * * * [R. C. 3745.04], be brought before it." Appeal thereafter may be taken only "to the Court of Appeals of Franklin County, or, if the appeal arises from the alleged violation of a law or regulation, to the Court of Appeals of the district in which the violation was alleged to have occurred." R. C. 3745.06.

It is apparent that this statutory scheme for review of actions by the Director of Environmental Protection is exclusive, and that the Court of Common Pleas of Hamilton County accordingly lacked jurisdiciton over the complaint at bar, which seeks to have an order issued by the director set aside. For that reason, the complaint was properly dismissed by the trial court, and the judgment of the Court of Appeals must be reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE and W. BROWN, JJ., dissent.

STERN, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting for P. BROWN, J.