STROMBERG, APPELLANT, *v.* BD. OF EDN. OF BRATENAHL; BD. OF EDN. OF CLEVELAND ET AL., APPELLEES.

(No. 80-126—Decided December 17, 1980.)

*Mr. James A. Chiara* and *Mr. Terence E. Scanlon,* for appellant.

*Messrs. Weston, Hurd, Fallon, Paisley & Howley, Mr. John M. Baker, Mr. Lawrence N. Gang* and *Ms. Mary A. Lentz,* for appellee Cleveland Board of Education.

*Messrs. Alexander, Ebinger, Holschuh, Fisher & McAlister, Mr. John D. Holschuh, Ms. Adele E. O'Conner, Mr. William J. Brown,* attorney general, and *Mr. Gary E. Brown,* for appellee State Board of Education.

*Per Curiam.* While one may admire the persistence of the citizens and taxpayers of the village of Bratenahl to reestablish a local school district, it has been determined that the local district failed to meet the standards established by the General Assembly in R. C. 3311.29 and repeatedly stated that the Bratenahl Local School District was regularly dissolved.

The determinative issue before this court is whether the judgment that the Bratenahl Local School District has been dissolved is *res judicata* as to the appellant as a taxpayer.*

This court has uniformly adhered to the doctrine of *res judicata* to prevent repeated attacks upon a final judgment. The doctrine applies not only to what was determined but also to every question which might properly have been litigated. *State, ex rel. Ohio Water Service Co.,* v. *Mahoning Valley Sanitary Dist.* (1959), 169 Ohio St. 31, paragraph one of the syllabus; *Quinn* v. *State, ex rel. Leroy* (1928), 118 Ohio St. 48, paragraph one of the syllabus; *Burton, Inc.,* v. *Durkee* (1954), 162 Ohio St. 433, paragraph two of the syllabus; *Pollock* v. *Cohen* (1877), 32 Ohio St. 514, paragraph four of the syllabus. The constitutional issues involved in the case at bar could have been litigated in the board's initial action.

Appellant essentially argues that as a taxpayer he has a private right, independent of the Bratenahl board of educa-

---

* While it may be said that the issue here is moot because the judgment has been executed, the Bratenahl School District dissolved and the property transferred, the approval of that course of action exists in the prior adjudications of this court. A moot question is one that need not be decided. Where an issue has been resolved, *res judicata* is the appropriate principle to be applied.

Further, based upon our disposition of this issue herein, *infra,* this court does not reach the issue of the constitutionality of R. C. 3311.29.

tion, to relitigate the same public issue determined against the board. This may be true where causes of action are not the same or where the taxpayer has a different private right not shared in common with the public; however, a judgment for or against a governmental body is binding and conclusive as *res judicata* on all residents, citizens and taxpayers with respect to matters adjudicated which are of general and public interest. *Cincinnati, ex rel. Crotty,* v. *Cincinnati* (1977), 50 Ohio St. 2d 27, 28.

Accordingly the judgment of the Court of Appeals dismissing the complaint herein is affirmed.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, MCBRIDE, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

MCBRIDE, J., of the Second Appellate District, sitting for P. BROWN, J.