766 F.2d 236
 CITY OF CANTON, OHIO; Stanley A. Cmich; Raymond Denzcak;
Margaret A. Beebe; Edward L. Colemen; Richard A. Mallonn;
Melvin J. Gravely; Arthur J. Cirelli; David M. Sills;
Carol Hacquard; Edward F. McDonnell; Tony L. Biasella;
Les Walker; Mary M. Babcock; Robert A. Capestrain; Warren
L. Bertram; Miriam Sumser; and Clarence W. Yeakley;
Plaintiffs-Appellants,
v.
Robert H. MAYNARD; Thomas M. Phillips; James L. Baumann;
Sherman L. Frost; John R. Hoffman; John R. Milligan; Earl
E. Wise; Ira G. Turpin; Anthony J. Celebrezze, Jr.; Frank
D. Celebrezze, William A. Sweeney; William B. Brown; Ralph
S. Locher; Norman J. Putman; Robert E. Holmes; Clifford
P. Brown; and Blanche Krupansky; Defendants-Appellees.
 No. 84-3339.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 1, 1985.
Decided June 28, 1985.
 
 Harry E. Klide, William J. Hamann, Robert G. Rubin (lead) argued, Darlene E. Odar, Canton, Ohio, for plaintiffs-appellants.
 David E. Northrop (lead) argued, Office of Atty. Gen., Columbus, Ohio, Margaret A. Malone (lead), Joan M. Cummings, Asst. Attys. Gen., Environmental Law Section, Paul D. Hancock, Columbus, Ohio, for defendants-appellees.
 Before ENGEL and MARTIN, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 The appellants seek reversal of the dismissal of their complaint in an action brought under 42 U.S.C. Sec. 1983. The district court found that their cause of action was barred under principles of res judicata and entered judgment for the defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). We affirm.
 
 
 2
 This case is an outgrowth of a long-running battle between the City of Canton and the Ohio Environmental Protection Agency over the fluoridation of Canton's water supply. The Ohio EPA first ordered the city to fluoridate its water supply in 1974. The city appealed this order to the Ohio Supreme Court, which upheld the fluoridation order as a proper exercise of the state's police power. City of Canton v. Whitman, 44 Ohio St.2d 62, 337 N.E.2d 766 (1975), appeal dismissed, 425 U.S. 956, 96 S.Ct. 1735, 48 L.Ed.2d 201 (1976). After further litigation in state court, the city finally began fluoridating its water system in March 1984.
 
 
 3
 In 1983, the city, its mayor, members of its city council, and two residents of the city filed the present action in federal district court claiming that the Ohio EPA was unconstitutionally enforcing the state fluoridation laws. The central theory of the appellant's case is that because the Ohio EPA is not enforcing the fluoridation requirement against cities that opted under Ohio Rev.Code Ann. Sec. 6111.13 (1969)[1] to hold a referendum not to fluoridate their water supplies, the fluoridation requirement is being arbitrarily enforced in violation of the federal equal protection and due process clauses. The district court, applying Ohio law, held that the appellants could have raised this issue in the initial state court litigation and that they were barred under res judicata from raising the claim in a separate federal proceeding.
 
 
 4
 In determining what preclusive effect to give to a prior state court judgment, federal courts must give the same effect to that judgment as would be given it under the law of the state that rendered the judgment. 28 U.S.C. Sec. 1738, Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); Marrese v. American Academy of Orthopaedic Surgeons, --- U.S. ----, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985); Loudermill v. Cleveland Board of Education, 721 F.2d 550 (6th Cir.1983), aff'd, --- U.S. ----, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Supreme Court has explicitly applied this rule to actions under section 1983. Allen v. McCurry, 449 U.S. 90, 105, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980); Migra, 104 S.Ct. at 898.
 
 
 5
 As a general proposition of law, there are two branches of res judicata, claim preclusion and issue preclusion. Under the claim preclusion branch, an earlier final judgment on the merits precludes a party from raising an issue in new litigation that should have been advanced in the earlier proceedings. See Migra, 104 S.Ct. at 894 n. 1; Duncan v. Peck, 752 F.2d 1135, 1138 (6th Cir.1985). See generally 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure Sec. 4402 (1981). Under the issue preclusion branch, "parties are precluded from relitigating an issue of law or fact which was necessarily decided in a previous final judgment." Employees Own Federal Credit Union v. City of Defiance, Ohio, 752 F.2d 243, 245 (6th Cir.1985). By arguing that res judicata should not bar their suit in this case because the equal protection issue was never decided in the state proceedings, the appellants are apparently arguing that only the issue preclusion branch of res judicata, and not the claim preclusion branch, is employed by the Ohio courts.
 
 
 6
 Our review of Ohio law indicates that the Ohio courts have consistently recognized and applied the doctrine of claim preclusion. See generally Migra, 104 S.Ct. at 898-99; Duncan v. Peck, 752 F.2d at 1139-40. In Stromberg v. Board of Education of Bratenahl, 64 Ohio St.2d 98, 100, 413 N.E.2d 1184, 1186 (1980) (per curiam), the Supreme Court of Ohio unequivocally stated that the doctrine of res judicata "applies not only to what was determined but also to every question which might properly have been litigated." The Supreme Court of Ohio has also clearly indicated that claim preclusion does not only apply to issues that could have been raised by the plaintiff in the prior proceeding but also to issues that could have been raised as defenses to the plaintiff's claim in the earlier case. Johnson's Island, Inc. v. Board of Township Trustees, 69 Ohio St.2d 241, 244-46, 431 N.E.2d 672, 674-75 (1982); Swensen v. Cresop, 28 Ohio St. 668 (1876). See also Francis H. Fisher, Inc. v. Midwesco Enterprise, Inc., 477 F.Supp. 169, 173 (S.D.Ohio 1979).
 
 
 7
 Although claim preclusion is utilized by the Ohio courts, those courts have required that the second suit be between the same parties and involve the same cause of action for res judicata to apply. Norwood v. McDonald, 142 Ohio St. 299, 305, 52 N.E.2d 67, 71 (1943). In this case, there is no doubt that, except for the two private plaintiffs, there is identity of parties with the prior state court proceeding. Thus, the only question is whether the present claim involves the same cause of action as the earlier state court case.
 
 
 8
 This Court, analyzing Ohio law, recently stated that the proper way to determine whether two causes of action are the same is "to consider the facts necessary to sustain the claim." Duncan v. Peck, 752 F.2d at 1139. See also FDIC v. Eckhardt, 691 F.2d 245, 248 (6th Cir.1982). Applying this standard, we conclude that this cause of action is the same as in the prior state court judgment. In both cases, the only real issue was the enforceability of the Ohio fluoridation legislation to Canton. The equal protection clause argument proffered by the appellants in this case is nothing more than a defense to enforcement of the fluoridation law that could have been raised in state court. The factual issues in the cases are identical; the only question is the legal implication of those facts.
 
 
 9
 Our conclusion is buttressed by two Ohio Supreme Court decisions. In Johnson's Island, Inc. v. Board of Trustees, 64 Ohio St.2d 241, 431 N.E.2d 672 (1982), a landowner brought an action challenging the constitutionality of a zoning law after the law had been enforced against it in a prior state court proceeding. The Supreme Court of Ohio concluded that the landowner was foreclosed from raising this claim because it could have asserted it as a defense to enforcement of the zoning laws in the earlier case.
 
 
 10
 Even more directly on point is City of Cincinnati ex rel. Crotty v. City of Cincinnati, 50 Ohio St.2d 27, 361 N.E.2d 1340 (1977). In Crotty, citizens of Cincinnati brought suit alleging that enforcement of the state fluoridation laws violated the first amendment and the equal protection clause. The Ohio Supreme Court found that the suit was barred under res judicata because the constitutional issues could have been raised as defenses in an earlier state court proceeding involving the enforcement of the fluoridation laws against Cincinnati. Thus, we conclude that at least in respect to the City of Canton and its public officials, the district court properly dismissed their complaint.
 
 
 11
 The appellants argue, however, that even if the district court properly granted judgment on res judicata grounds with respect to the city and its officials, judgment should not have been entered against the two private residents of Canton because they were not parties to the prior state court litigation. This argument, however, has been consistently rejected by the Ohio courts which have recognized that a judgment "against a governmental body is binding and conclusive as res judicata on all residents, citizens and taxpayers with respect to matters adjudicated which are of general and public interest." Stromberg, 64 Ohio St.2d at 101, 413 N.E.2d at 1186; City of Cincinnati ex rel. Crotty, 50 Ohio St.2d at 28; 361 N.E.2d at 1341. Thus, the district court also properly dismissed the complaint of the private residents.
 
 
 12
 Finally, the appellants argue that the factual circumstances have changed since the earlier state court proceeding so that application of res judicata to their present claim was improper. We find no merit in this argument. The local option provision under which a number of Ohio cities exempted themselves from the state fluoridation requirements was passed in 1969, and the city was well aware of the option in the prior state court proceeding. In fact, the Ohio Supreme Court explicitly upheld the local option against a state equal protection challenge in the earlier litigation. City of Canton v. Whitman, 44 Ohio St.2d at 70, 337 N.E.2d at 772. Thus, the factual basis for the appellant's present constitutional challenge was easily discernible in the earlier litigation, and no significant new facts have been alleged that would entitle the appellants to avoid the effect of res judicata.
 
 
 13
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable William H. Timbers, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 [1]
 Ohio Rev.Code Ann. Sec. 6111.13 (1969) was amended in 1969 to require all Ohio cities with population over 5,000 to fluoridate their water supplies by 1972. Act of Aug. 6, 1969, 1969 Ohio Laws 352. The amendments, however, allowed each city to hold a referendum on whether to fluoridate its water within 120 days of the effective date of amendment, which was November 17, 1969. Canton failed to hold such a referendum and was therefore required under the statute to fluoridate its water
 The current version of section 6111.13 can be found as Ohio Rev.Code Ann. Sec. 6109.20. The local option provision of the statute was deleted in 1973 as the time period allowed for a local referendum had long since passed.