793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEO VICTOR SAVAGE, Plaintiff-Appellant,
v.
FRANKLIN COUNTY DEPARTMENT OF HUMAN SERVICES, et
al.,Defendants-Appellees.
 85-3607
 United States Court of Appeals, Sixth Circuit.
 5/12/86
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: KRUPANSKY and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Leo Victor Savage (Savage) appealed from an order of the district court granting summary judgment in favor of defendants-appellees Franklin County Department of Human Services (Department of Human Services or Department of Welfare)[1] and George Miller (Miller) in this action initiated pursuant to 42 U.S.C. Sec. 1983 alleging wrongful termination of welfare benefits.
 
 
 2
 Plaintiff, proceeding pro se, initiated this action on April 29, 1983. Plaintiff subsequently filed an Amended Complaint on May 16, 1983 and a Second Amended Complaint on August 8, 1984. On November 30, 1984, defendants filed this motion for summary judgment. On June 4, 1985, after defendants' summary judgment motions had been pending for more than six months, plaintiff filed a motion for leave to file a supplemental complaint. The court denied plaintiff leave to file a supplemental complaint on July 17, 1985 and granted defendants' motion for summary judgment on July 18, 1985. This timely appeal followed.
 
 
 3
 The operative facts are easily summarized. Plaintiff was a recipient of nonassistance food stamp benefits and public assistance benefits provided by the Department of Welfare. On February 28, 1983, defendants notified Savage that it was necessary for him to reapply for nonassistance food stamps for the month of April 1983 and requested that he appear at the Franklin County Welfare Department for a meeting and interview on March 17, 1983. Plaintiff failed to attend the March 17 meeting and did not reapply for food stamps until March 28, 1983. Pursuant to the Welfare Department's request, Savage supplied verification of residence on March 31, 1983. Plaintiff's application was approved on April 1, 1983 and an authorization card was mailed to him on April 4, 1983. On the next day, April 5, 1983, Savage endorsed the authorization card and thereupon received a full allotment of food stamps for the entire month of April.
 
 
 4
 Savage was also required to reapply for general relief benefits during May of 1983. Although Savage had been receiving general relief benefits prior to February of 1983, he became ineligible for those benefits in February, March and April because he had failed to participate in the statutorily mandated work relief program. On May 11, 1983, Savage reapplied for general relief benefits. His application was approved on May 17, 1983. On May 18, 1983, the Welfare Department issued a check to Savage in the amount of $51.80 covering benefits payable from May 17, 1983 to May 31, 1983.
 
 
 5
 On July 13, 1983, Savage was examined in the emergency room at Grant Hospital in Columbus, Ohio. The fees for this examination amounted to $140.40. On September 6, 1983 the Franklin County Welfare Department paid Grant Hospital $119.34, the maximum amount allowable for Savage's claim pursuant to state regulations. The $119.34 payment constituted payment in full.
 
 
 6
 Savage's general relief benefits were terminated again on October 1, 1983 because he had failed to appear for work relief at the Columbus Area Metropolitan Organization on four separate occasions during the month of June. In addition to the case at bar, Savage filed two separate state court actions challenging the October 1, 1983 termination of general relief benefits. The state court cases were consolidated and, in an opinion dated April 6, 1985, the Franklin County Court of Common Pleas determined that the termination of Savage's general relief benefits had not violated his constitutional right to due process.
 
 
 7
 On appeal, plaintiff argued that he was deprived a property interest without due process of law when the Welfare Department failed to provide him with an authorization card for food stamps on April 1, 1983. Pursuant to the federal statutory scheme, individuals are entitled to receive food stamps only for a limited 'certification period' ranging from three to twelve months. 7 U.S.C. Sec. 2011 et seq. In Banks v. Block, 700 F.2d 292, 297 (6th Cir.) cert denied 464 U.S. 934 (1983), this circuit determined that 'a household has no protectable property interest in the continuous entitlement to food stamps beyond the expiration of its certification period.' In the present case, plaintiff's certification period expired on March 31, 1983. Therefore, plaintiff had no constitutionally cognizable property interest in continued benefits on April 1, 1983.[2]
 
 
 8
 Plaintiff next contended that the Welfare Department's failure to pay him general relief benefits for the first sixteen days of May deprived him of property without due process of law. Plaintiff conceded that he was not entitled to general relief benefits in February, March, and April of 1983, that he did not file a new application for general relief benefits until May 11, 1983, and that the Welfare Department did not determine that he was eligible to receive general relief benefits until May 17, 1983. Since plaintiff was not determined to be eligible for general relief benefits until May 17, 1983, he was not deprived of a property interest without due process of law.
 
 
 9
 Plaintiff contended that the Department of Human Services failed to pay his hospital bill and failed to notify him that it would not pay future medical bills. However, the defendants have adequately established that the medical bill was indeed satisfied by them on September 6, 1983, and that plaintiff incurred no liability with regard to that bill.
 
 
 10
 Plaintiff also charged that he was deprived of a property interest without due process of law when his general relief benefits were terminated on October 1, 1983. The district court determined that this claim was barred by the doctrine of res judicata.
 
 
 11
 In determining what preclusive effect to give a prior state court judgment, federal courts must give the same effect to that judgment as it would be given under the law of the state that rendered the judgment. City of Canton v. Maynard, 766 F.2d 236, 237 (6th Cir. 1985); Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Under Ohio law, an earlier final judgment on the merits precludes a party from raising an issue in new litigation where the second suit involves the same parties and the same cause of action. City of Canton v. Maynard, 766 F.2d 236, 238 (6th Cir. 1985) citing Norwood v. McDonald, 142 Ohio St. 299, 305, 52 N.E.2d 67, 71 (1943). In the present case, plaintiff's state court actions named the same defendants and raised the same issue relating to the October 1, 1983 termination of general relief benefits. Accordingly, the doctrine of res judicata prevented relitigation of this claim.
 
 
 12
 Plaintiff argued that the district court abused its discretion in refusing to grant plaintiff leave to file a supplemental complaint. In his supplemental complaint, plaintiff sought to assert claims arising out of defendants' denial of plaintiff's April 1985 application for benefits. However, the record in the case at bar disclosed that, at the time the motion for leave to file a supplemental complaint was te dered, defendants' summary judgment motion had been pending for over six months and that the claim asserted in plaintiff's supplemental complaint had already been asserted by plaintiff in his state court action. Accordingly, the district court did not abuse its discretion in denying plaintiff leave to file a supplemental complaint.
 
 
 13
 Plaintiff also complained that the district court erred in failing to hold a hearing on defendants' motion for summary judgment. Local Rule 4.04 of the Rules of the United States District Court for the Southern District of Ohio, provides that '[o]n any motion for summary judgment, a party will be deemed to have waived a hearing on the motion unless a request for hearing is filed within ten (10) days of the time of filing or the expiration of time for filing a memorandum in opposition to the motion.' In the present case, neither party requested an oral hearing on defendants' motion for summary judgment. Accordingly, the district court was not required to hold a hearing.
 
 
 14
 For the reasons stated above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 At the time of the actions at issue herein, the defendant operated under the name 'Franklin County Department of Welfare.' However, it has officially changed its name to the 'Franklin County Department of Human Services.'
 
 
 [2]
 It should be noted that the defendants complied with the statutory procedures enacted to ensure continuous receipt of benefits. Plaintiff was given notice that his certification period would be expiring and that he had to reapply for food stamps. See 7 U.S.C. Sec. 2015(c), 7 C.F.R. Sec. 273.14. Plaintiff's authorization card was not delivered to him until April 5, 1983 because plaintiff failed to appear for his March 17 meeting and did not file his application until March 29, 1983