837 F.2d 475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis W. BAKER & Elizabeth Baker, Plaintiffs-Appellants,
v.
Alfred E. SCHRADER; Norman J. Stark; Frank J. Bayer, in
his official capacity and individually; Edward C. Crouch;
Leonard P. Sabalis; James Murphy, in his official capacity
and individually; Michael J. Duber; Cuyahoga County Bar
Association; Roy McMahon, in his official capacity and
individually, Defendants-Appellees,
George W. Spittal, Third-Party Defendant.
 No. 87-3209.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs, Lewis and Elizabeth Baker, appeal from the district court's judgment dismissing their civil rights action brought under 42 U.S.C. Sec. 1983. Finding no error we affirm.
 
 
 2
 The facts giving rise to this lawsuit were summarized well by Judge Dowd in his opinion below. There is no need for us to restate them here. Suffice it to say, this case had its origins back in 1982 when the Bakers were defendants in a case brought by the R.A. Lafferty Construction Company in the Summit County Court of Common Pleas. The jury returned a verdict in that case for neither party and directed that costs be split evenly. One of the defendants in the instant action, J. Norman Stark, was the Bakers' attorney in that 1982 case and was fired by the Bakers the day after the jury returned its verdict. Later in 1982, the Bakers filed a misconduct complaint against Stark with the Cuyahoga County Bar Association. The complaint was apparently over attorney fees. The Bar Association investigated the complaint and eventually dismissed it finding no evidence of a disciplinary violation.
 
 
 3
 Since the end of 1982, the Bakers and Mr. Stark have been opposing parties in a number of lawsuits filed in the Ohio state courts. As far as we can tell, the cases brought by the Bakers were all eventually decided contrary to their interests. In the present action, brought in federal court under section 1983, the Bakers are suing the judges, attorneys, expert witnesses, and most everyone else who had any role that was adverse to the Bakers' interests in their unsuccessful state court litigation. Basically, the Bakers asked the district court to declare that Rule 58 of the Ohio Rules of Civil Procedure is unconstitutional; that Rule 11 of the Ohio Rules of Civil Procedure and various provisions of the Ohio Code of Professional Responsibility are unconstitutional; and to award money damages for various violations of their due process rights.
 
 
 4
 Judge Dowd granted summary judgment to all defendants and dismissed the case. Summary judgment as to some defendants was based up on the Bakers' failure to demonstrate the requisite state action; as to other defendants, the judgment was based upon the doctrine of absolute immunity for judicial and quasi-judicial acts. Having dismissed all of the named defendants from the action, Judge Dowd did not address the Bakers' claim that certain Ohio court rules should be declared unconstitutional.
 
 
 5
 To the extent that the Bakers' complaint seeks damages for the defendants' alleged unconstitutional acts, we affirm the dismissal of the complaint for the reasons stated by Judge Dowd in both his memorandum opinion filed on January 27, 1987 and his Order dated Febrary 4, 1987. More specifically, Judge Dowd correctly concluded that the three judicial defendants--i.e., Judges Bayer, Murphy and McMahon--were absolutely immune from damages liability under Section 1983 because the actions of which the Bakers complain were all taken pursuant to their duties as judges with the court of common pleas. See Dennis v. Sparks, 449 U.S. 24, 27 (1980). Judge Dowd was also correct in holding that defendant Cuyahoga County Bar Association and its agent, defendant Michael Duber, were absolutely immune from damages liability. Since the Bar Association's Grievance Committee and Mr. Duber were acting within the scope of their quasi-judicial role in dismissing the Baker's misconduct complaint against Mr. Stark, this Section 1983 action was properly dismissed as to them. See Sparks v. Kentucky Character & Fitness Comm., 818 F.2d 541, 543-44 (6th Cir.1987); Werle v. Rhode Island Bar Ass'n, 755 F.2d 195, 198-99 (1st Cir.1985); Simons v. Bellinger, 643 F.2d 774, 778-81 (D.C.Cir.1980). Finally, Judge Dowd was correct in holding that the four attorney-defendants--Mr. Stark, Alfred Schrader, Edward Crouch and Leonard Sabalis--were not state actors and thus could not be sued under Section 1983. See Polk County v. Dodson, 454 U.S. 312, 318 (1981).
 
 
 6
 The Bakers' complaint also asks for certain declaratory and injunctive relief. Specifically, the Bakers argue that Rule 58 of the Ohio Rules of Civil Procedure should be declared unconstitutional because it fails to require that a litigant be given notice of the filing of a judgment entry and because it does not require that a judgment entry set out the specific disposition of each claim. The Bakers also claim that Rule 11 of the Ohio Rules of Civil Procedure and certain disciplinary rules of the Ohio Code of Professional Responsibility should be declared unconstitutional because they fail to provide a complaining party an opportunity to present evidence in support of a charge of attorney misconduct at either a judicial or administrative hearing. The Bakers evidently are arguing that, despite their consistent lack of success in the litigation of their claims in state court, they ought to be able to come into federal court and raise these constitutional arguments for the first time. We cannot agree, and accordingly we hold that it was not error for the district court to refrain from passing on the merits of the Bakers' constitutional claims. In our view, the doctrine of res judicata allows for no other conclusion.
 
 
 7
 In this case the Bakers filed a number of lawsuits in the Ohio courts against many of the same defendants that are now being sued in this Section 1983 action. All of these state court suits were based upon the same underlying facts as is this one, and, as far as we can tell, they have all proceeded to final judgment. In determining the preclusive effect to be given to prior judgments of a state court, a federal court must look to the law of the state that rendered the judgment. See 28 U.S.C. Sec. 1738 (1982); Migra v. Warren City School District, 465 U.S. 75 (1984). As we indicated recently in City of Canton v. Maynard, 766 F.2d 236 (6th Cir.1985), the law in Ohio is that a final judgment precludes a party from raising in new litigation not only those issues that were previously determined, but also "every question which might properly have been litigated" in the earlier proceeding. Id. at 238. Our review of Ohio law convinces us that the Bakers could have raised before the various state courts each and every one of the constitutional arguments they are now raising in this federal action. Accordingly, it was not error for Judge Dowd to refuse to pass on these claims.
 
 
 8
 For the foregoing reasons, the judgment of the district court is AFFIRMED.