Frances **BEDINGHAUS, et al., Plaintiffs,**

v.

Melvin C. **LAWHORN, et al., Defendants.**

No. C–1–93–202.

United States District Court,
S.D. Ohio, W.D.

Jan. 11, 1994.

---

Mark Joseph Byrne, Jacobs, Kleinman, Seibel & McNally, Cincinnati, OH, for plaintiffs.

Robert F. Duncan, Clark Ward & Cave, Gary Douglas Bullock, Dinsmore & Shohl, Douglas J. May, Cincinnati, OH, for defendants.

## ORDER DENYING DEFENDANT KING TRUCKING COMPANY'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on Defendant King Trucking Company's Motion for Summary Judgment (doc. 26), Defendant King's Supplemental Motion for Summary Judgment (doc 27), Plaintiffs' Motion to Extend Time to Respond to Defendant's Motion (doc. 29), and Plaintiffs' Response to Defendant's Supplemental Motion for Summary Judgment (doc. 30).

### BACKGROUND

This is a automobile injury case which comes before us under diversity jurisdiction. Previously we have granted the Plaintiffs summary judgment on the issue of liability. The case was first brought in Hamilton County Common Pleas Court where it was referred to voluntary arbitration. *Bedinghaus v. Lawhorn,* No. A–9109698 (Hamilton County Common Pleas). An arbitration report and award was rendered on November 20, 1992. Some time after the arbitration award, the Plaintiffs retained new counsel, and moved the presiding judge, Judge Nadel to dismiss the case. Judge Nadel dismissed the case without prejudice. Plaintiffs then filed this federal diversity action.

The Defendant, King Trucking Company ("King"), moved in Common Pleas Court that Judge Nadel enter a final judgment upon the arbitration award. King argued that Hamilton County Common Pleas Local Rule 24 required such a final judgment entry, unless the Plaintiffs had entered an appeal to the arbiter's ruling within thirty days. Judge Nadel ruled that he lacked jurisdiction to enter final judgment after the Plaintiffs' voluntary dismissal. *Bedinghaus v. Lawhorn,* No. A–9109698, slip op. at 1 (Hamilton County Common Pleas, May 11, 1993). The Defendant King Trucking Company petitioned the Ohio First Appellate District Court of Appeals for a Writ of Mandamus, directing Judge Nadel to enter final judgement in the amount of the arbitration award. The First District Court affirmed Judge Nadel and ordered the petition be dismissed. *State of Ohio, Ex Rel. King Trucking Co., v. Judge Robert Nadel,* No. 930612, slip op. at 1 (Ham. Co.Ct.App. Oct. 22, 1993). Defendant King Trucking Company now has moved for summary judgment in this Court, essentially making the same argument it raised before the Hamilton County Court of Appeals.

Plaintiffs have moved that we consider their Response to Defendant's Motion for Summary Judgment out of time. In the interest of justice, the Plaintiffs' motion is granted.

### DISCUSSION

The United States Constitution's Full Faith and Credit Clause, Article IV, § 1, is implemented by the Federal Full Faith and Credit Statute. The statute reads in pertinent part:

522

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. The courts have interpreted this statute to mean that a federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *City of Canton, Ohio v. Maynard*, 766 F.2d 236 (6th Cir.1985). The doctrine of *res judicata* prevents the reconsideration of issues that were litigated to a final judgment by the same party adversaries in a prior judicial action. *Lesher v. Lavrich*, 784 F.2d 193 (6th Cir.1986). The Hamilton County Court of Common Pleas has issued a final judgment, dismissing their case. Judge Nadel's decision has been reviewed by an Ohio appellate court. Both parties had an opportunity to fully litigate the issue in both courts. Both state courts have rendered a final judgment in favor of the Plaintiffs, Mr. and Mrs. Bedinghaus. The issues contested there turn on the interpretation of local state court rules, which the Ohio courts are best situated to decide. It is not our place to disturb those courts' decision.

### CONCLUSION

The issues being argued in Defendant King Trucking Company's Motion for Summary Judgment have already been litigated to a final judgment by these parties in state court. We are bound by that judgment.

Accordingly, the Defendant King Trucking Company's Motion for Summary Judgment is denied.

SO ORDERED.