Thomas Michael SMITH, by and
through his conservators,
Plaintiff–Appellant,

Lori Lynn Stegner; Kenneth Smith;
Stephanie C. Hatchett, Conser-
vators–Appellants,

v.

Gail DAWSON–SMITH, Defendant–
Appellee.

No. 03–5895.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2004.

Stephanie C. Hatchett, Nashville, TN, for Plaintiff–Appellant.

Alfred H. Knight, Tyree B. Harris, IV, Katherine Anne Brown, Willis & Knight, Nashville, TN, for Defendant–Appellee.

Before BATCHELDER and DAUGHTREY, Circuit Judges; and DOWD, District Judge.*

### ORDER

Plaintiff, Thomas Michael Smith, a Tennessee citizen, by and through his conservators (Lori Lynn Stegner, Kenneth Smith, and Stephanie C. Hatchett), appeals a district court order dismissing his complaint brought under federal question jurisdiction (28 U.S.C. § 1331), and diversity jurisdiction (28 U.S.C. § 1332). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smith filed this action by and through his conservators, against Gail Dawson–Smith, a Florida citizen and his former wife. Smith is a disabled individual and challenges the transfer of real property and the handling of federal benefits. The defendant filed a motion to dismiss for lack of personal jurisdiction, or for summary judgment based upon the res judicata doctrine, citing the Florida state court order of final adjudication granting the parties a divorce and deciding the parties' property rights. Smith requested and the district court granted Smith an extension of time to conduct discovery and to file a response to the defendant's motion to dismiss. After two months, with no response from Smith, the district court granted the defendant's motion. Smith's motion to set aside the order was denied. This appeal followed.

Initially, we note that Smith presumes that the district court's dismissal was pursuant to Fed.R.Civ.P. 41 for failure to prosecute. Smith's brief is devoted almost entirely to why his case should not have been dismissed pursuant to Fed.R.Civ.P. 41.

■ There is no merit to Smith's argument that the dismissal was pursuant to Fed.R.Civ.P. 41 because the district court's order expressly granted the defendant's motion for summary judgment. Smith clearly failed to respond to the defendant's motion for summary judgment in the manner prescribed by Fed.R.Civ.P. 56(e). Although the order granting Smith's motion for an extension of time in which to respond to the motion for summary judgment did not specify a duration for the extension, Smith had a sufficient opportunity to respond given the fact that the district court did not rule on the motion until more than two months after granting the extension.

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Fed.R.Civ.P. 56(c). Upon review, we conclude that summary judgment was proper because Smith's claims are barred by res judicata. The doctrine of res judicata consists of the two related concepts of claim preclusion and issue preclusion. *City of Canton v. Maynard,* 766 F.2d 236, 238 (6th Cir.1985); *Dodrill v. Ludt,* 764 F.2d 442, 443 (6th Cir.1985). Under the claim preclusion branch of res judicata, an earlier final judgment on the merits precludes a party from raising new issues in litigation that should have been advanced in the earlier proceeding. Under the issue preclusion branch of res judicata (traditionally termed "collateral estoppel"), a party is precluded from relitigating issues of fact or law which were necessarily decided in a previous final judgment. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 660–61 (6th Cir.1990).

Under Tennessee law, the doctrine of "res judicata" bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit, while the doctrine of "collateral estoppel" operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. *See Richardson v. Tenn. Bd. of Dentistry,* 913 S.W.2d 446, 459 (Tenn.1995).

■ The real properties at issue are in the State of Florida. The Florida court entered a Final Order allocating the rights of these parties to that property and other personal property. To the extent that decisions about the marital property were made by the Florida state court, Smith is collaterally estopped to raise those decisions in this action. Even if such decisions were not made, however, those issues could have and should have been raised by Smith and litigated within the jurisdiction of the divorce court and are barred by res judicata.

Dismissal of Smith's complaint is also proper because the district court lacked personal jurisdiction over the defendant. We review the district court's dismissal for lack of personal jurisdiction de novo. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir.1996); *Tobin v. Astra Pharm. Prods., Inc.,* 993 F.2d 528, 542 (6th Cir.1993). In a diversity action, we may assume jurisdiction over a nonresident defendant only to the extent permitted by the state's long-arm statute and by the Due Process Clause. In order for there to be jurisdiction consistent with due process, the defendant must have sufficient minimum contacts with Tennessee so that "'traditional notions of fair play and substantial justice'" are not offended. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Dawson–Smith must have conducted herself so that she could "reasonably anticipate being haled into court" in Tennessee. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). This requirement is met if the defendant "purposefully directed [her] activities at residents of the forum ..., and the litigation results from alleged injuries that 'arise out of or relate to' those activities...." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■ Dawson–Smith's contacts with the State of Tennessee did not meet the minimum contacts test set forth in *Int'l Shoe.* Dawson–Smith did not purposefully avail

herself of acting in Tennessee or of causing a consequence in Tennessee. It is undisputed that Dawson–Smith conducted no business in Tennessee. The only evidence regarding Dawson–Smith's contacts with Tennessee is the assertion in her affidavit that she made "infrequent" visits to Smith in Nashville. Therefore, the litigation does not arise from Dawson–Smith's activities in the forum state. Finally, the acts of Dawson–Smith or consequences caused by her do not have a substantial enough connection with the forum state to make the exercise of jurisdiction over her reasonable.

Accordingly, the district court's order is affirmed.