[Cite as *Gault v. Medina Cty. Court of Common Pleas Clerk*, 2022-Ohio-3955.]

# IN THE COURT OF APPEALS OF OHIO

NINTH APPELLATE DISTRICT
MEDINA COUNTY

NATHAN GAULT,

Plaintiff-Appellant,

v.

CLERK, MEDINA COUNTY COURT
OF COMMON PLEAS et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 CA 0082-M

---

Civil Appeal from the
Court of Common Pleas of Medina County, Ohio
Case No. 20 CIV 0811

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito,
Judges of the Seventh District Court of Appeals, Sitting by Assignment.

**JUDGMENT:**
Reversed, Vacated and Remanded.

*Atty. Nicole T. Fiorelli*, *Atty. Frank A. Bartela*, *Atty. Patrick J. Perotti,* Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, Ohio 44077 for Plaintiff-Appellant and

*Atty. Terence L. Williams, Atty. John T. McLandrich, Atty. Frank H. Scialdone*, Mazanec, Raskin & Ryder Co., L.P.A., 100 Franklin's Row, 34305 Solon Road, Cleveland, Ohio 44139 for Defendants-Appellees.

Dated: November 7, 2022

**Robb, J.**

{¶1}    Appellant, Nathan Gault, appeals the November 5, 2021 decision issued by the Medina County Court of Common Pleas granting Appellees' motion for judgment on the pleadings.   Appellant's class-action complaint contends Appellees, the Medina County Common Pleas Clerk of Courts, the Medina County Treasurer, and the Medina County Board of Commissioners, misconstrued certain sections of the Ohio Revised Code and overcharged litigants court costs and fees consistent with their misconstruction. We reverse and remand.

<u>Statement of the Case</u>

{¶2}    Appellant, Nathan Gault, for himself and others similarly situated, filed a class-action complaint in the Medina County Court of Common Pleas in October 2020. As defendants, he named the Medina County Common Pleas Clerk of Courts, the Medina County Treasurer, and the Medina County Board of Commissioners (collectively hereafter Appellees).  Appellant identified three causes of actions claiming he was overcharged for unauthorized fees and costs in his separate divorce proceeding, like other individuals similarly situated, based on Appellees' misconstruction of several sections of Ohio Revised Code Chapter 2303.

{¶3}    First, Appellant's complaint alleged the overall charges for computerization of the clerk's office is in excess of its statutory authority.  He avers he was a party in the Medina County Court of Common Pleas, Domestic Relations Division, case captioned *Amanda Gault v. Nathan Gault*, Case No. 14DR0527, and at the conclusion of that case, Appellees charged Appellant the costs set forth in the bills of cost attached to his complaint and Appellant paid these fees and costs detailed in the exhibits.  Because Appellees allegedly overcharged Appellant and others in the class in excess of the amount permitted by statute, Appellant alleged he and the other potential class members were damaged in the amount of the overcharged fees and costs plus interest.

<u>Case No. 21 CA 0082-M</u>

{¶4} For count two, Appellant contends Appellees charged him a clerk computer operation fee in excess of the permissible one dollar. He contends Appellees similarly overcharged other members of the proposed class and he and the other unnamed class members were damaged as a result.

{¶5} Last, Appellant asserted an unjust enrichment claim contending Appellees overcharged him, and other proposed class members, and Appellees were unjustly enriched as a result of the overcharging. (October 19, 2020 Complaint.)

{¶6} In response, Appellees filed an answer and moved for judgment on the pleadings raising several alternative arguments. Appellees' first argument in their Civ.R. 12(C) motion urged the trial court to dismiss the lawsuit since the issues raised were barred by res judicata. Appellees likewise asserted that the Medina County Court of Common Pleas was unable to consider and address Appellant's complaint because Appellant was attempting to collaterally attack the domestic relations court's final judgment via separate litigation. They asserted any attack on that court's judgment had to be sought from the court in the case that imposed the fees and costs. Appellees argued because Appellant failed to appeal the issue in his domestic relations case, it was too late to do so in these separate proceedings. Moreover, they claimed because Appellant acknowledged paying the fees he was now challenging, his arguments are moot or waived. (January 13, 2021 Motion for Judgment on the Pleadings.)

{¶7} Alternatively, Appellees asserted Appellant's claims failed as a matter of law based on the plain language of the statutes authorizing the clerk of courts to award court costs and computerization fees and Appellant's statutory interpretations were incorrect. Last, Appellees argued the Medina County Clerk of Courts and the Medina County Treasurer were not capable of being sued since they are not corporate entities, and as such, the claims against them should fail. (January 13, 2021 Motion for Judgment on the Pleadings.)

{¶8} Appellant opposed and argued in part he was not required to challenge the fee issue in the underlying domestic relations case because these fees were not assessed via the court's final judgment but were added well after the final judgment was issued and after the time for an appeal had passed.

Case No. 21 CA 0082-M

{¶9}    Appellant filed his first amended class action complaint in October of 2021 per the trial court's directive.  It identifies the same three claims for relief.  In addition, Appellant contended the clerk of courts charged him more than $500 in improper fees and surmised the clerk overcharged the other potential class members collective charges in excess of $500,000.  Appellant's demand for judgment sought in part reimbursement the amount of money he paid in excess of what was allowed by law based on Appellees' misconstruction of the applicable statutes and overcharging.   The exhibits to the complaint consist of three bills of costs from his divorce case, Case Number 14DR0527.  The first Bill of Costs, Exhibit A, is dated October 23, 2015.  The second Bill of Costs, Exhibit B, is dated October 12, 2017.  And the third Bill of Costs, Exhibit C, is dated October 7, 2019.  (October 1, 2021 First Amended Complaint.)

{¶10}  The trial court granted Appellees' motion for judgment on the pleadings, holding in part:

> Plaintiff filed his complaint seeking a money recovery against the Medina County Clerk of Courts and related County officials on the grounds he was overcharged in court costs in his divorce action * * *.  The divorce action was finalized * * * 10/13/15 with subsequent bills of costs filed 10/12/17 and 10/9/19 according to the exhibits to the complaint.
>
> Plaintiff claims the Clerk misinterprets R.C. 2303.201 in calculating certain computerization fees under R.C. 2303.201 as part of court costs.  Defendants seek a Rule 12(C) judgment on the pleadings * * * upon the ground, inter alia, the amount of court costs properly chargeable in his divorce case is res judicata.  In other words, Plaintiff was required to raise the issue of proper calculation of costs in his divorce action or appeal thereof[,] and failing to do so, Plaintiff is foreclosed from raising it now in this separate action.
>
> Review of Ohio law * * * convinces this Court that Plaintiff was required to challenge his court costs in the prior action, and the doctrine of res judicata prevents him from doing so now in this action.
>
> * * *

[The] * * * imposition of costs and responsibility for their payment is in the sole discretion of the trial court entering the judgment. * * * In both civil and criminal cases[,] it is the trial court that imposes the requirement that court costs be paid and determines who shall pay them; this is <u>not</u> the function of the Clerk of Courts.

> "Under the doctrine of res judicata*,* a final judgment or decree upon the merits is deemed to be conclusive of the issues addressed in that case and bars a subsequent action between the parties to the previous suit, or those in privity with them, based on the same cause of action. *Columbus v. Union Cemetery Assoc.* (1976), 45 Ohio St.2d 47, 50. Res judicata applies to issues actually presented in the original action and to issues that could have been presented for adjudication. *McGinnis v. Donatelli* (1987), 36 Ohio App.3d 120, 121. The doctrine of res judicata is applied to prevent repeat attacks upon a final judgment. *Stromberg v. Bd. of Edn. of Bratenahl* (1980), 64 Ohio St.2d 98, 100, 413 N.E.2d 1184."

*Indian Creek Local School Dist. Bd. of Educ. v. Indian Creek Education Ass'n*, 1996 Ohio App. Lexis 464 (7th Dist.).

> * * * The Clerk tabulates the costs owing and has the authority to institute legal collection actions for same, but as noted above, all court costs in Ohio are imposed by the Court's orders and collected by the Court's usual means of execution and process. * * *
>
> Court costs are inextricably linked to the case in which they are imposed.
>
> * * *
>
> There is no legal basis in Ohio law to consider imposition of the duty to pay court costs (or the entry of a judgment in the amount of courts costs) as anything other than the act of the court having jurisdiction of the underlying litigations. As a result, the doctrine of res judicata applies.

> Judgment entered in favor of Defendants and against Plaintiff's complaint. * * *

(November 5, 2021 Judgment.)

**{¶11}** The trial court found the imposition of costs and fees and the responsibility for the payment of these fees and costs is the responsibility of the trial court when entering the judgment. Consequently, it held to challenge the imposition of these costs, one must appeal from the final order or judgment in that action. And since Appellant failed to appeal the final order in his underlying case ordering him to pay costs, he was precluded from doing so in separate proceedings. Thus, the trial court entered judgment in favor of Appellees.

**{¶12}** Appellant raises one assignment of error on appeal.

Assignment of Error

**{¶13}** Appellant's sole assignment of error asserts:

**"The trial court erred in granting defendant-appellees' motion for judgment on the pleadings on the basis of res judicata where the court costs were not journalized for purposes of appeal."**

**{¶14}** Civ.R. 12(C) motions are for resolving questions of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). Thus, our review of a judgment on the pleadings is de novo. *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8.

**{¶15}** When considering a motion for judgment on the pleadings, a court's review is limited to the allegations in the pleadings and the documents attached and incorporated into the pleadings. *Green Tree Servicing, L.L.C. v. Olds*, 9th Dist. Summit No. 27297, 2015-Ohio-3214, ¶ 22. "Dismissal is appropriate under Civ.R. 12(C) when (1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, ¶ 17.

**{¶16}** Appellant contends his claim does not fail as a matter of law for two reasons. First, the prior action in which the disputed costs were imposed was between Appellant

Case No. 21 CA 0082-M

and his ex-wife and did not involve the Medina County Clerk of Courts. Thus, there was a lack of privity.

{¶17} Second, Appellant also emphasizes he is not challenging the domestic relations court's authority and act of imposing court costs and fees against him. Instead, he challenges whether Appellees lawfully determined the fees and costs in accordance with governing laws, and because the amount and Appellees' tabulation were not incorporated via a final judgment or rendered within the time to appeal the domestic relations court's judgment imposing these fees and costs, Appellant should not be precluded from disputing them now.

{¶18} Appellant contends Appellees incorrectly construed the applicable law and overcharged him. He argues he was unable to file a direct appeal as to Appellees' interpretation and calculation of the amount of his tabulated court costs and fees because the actual total amount of costs and fees were not included in a final order from which he could have pursued a direct appeal.

{¶19} Because res judicata does not apply and bar his claims, Appellant asserts his class action complaint is viable and seeks reimbursement of the overcharged fees and costs imposed upon him and similarly situated individuals.

{¶20} In concluding Appellant's claims are barred by res judicata, the trial court found in part that because the issue of costs and fees *could have* been litigated in the prior litigation, Appellant was precluded from addressing these issues in a subsequent lawsuit based on the doctrine of res judicata. *Indian Creek Local School Dist. Bd. of Educ. v. Indian Creek Education Ass'n*, 7th Dist. Jefferson No. 94-J-76, 1996 WL 65933, *2.

{¶21} We disagree with the court's conclusion. Although we agree that if Appellant were challenging the requirement that he was ordered to pay costs and fees, then the matter was for the domestic relations court to decide and would have had to be raised via direct appeal from the final judgment. Appellant does not, however, seek to overturn the fact that he was ordered and required to pay fees and costs. Instead, Appellant takes issue with the clerk of court's determination of the amount he owed. This amount was not incorporated in the final judgment and was not ascertainable during the time to appeal.

Case No. 21 CA 0082-M

{¶22} According to the pleadings, this issue could not have been adjudicated during the domestic relations proceedings, and thus, res judicata does not apply. *Indian Creek Local School Dist. Bd. of Educ. v. Indian Creek Education Ass'n*, 7th Dist. Jefferson No. 94-J-76, 1996 WL 65933, *2, citing *Stromberg v. Bd. of Ed. of Bratenahl*, 64 Ohio St.2d 98, 100, 413 N.E.2d 1184 (1980). Moreover, res judicata bars a subsequent action between the parties to the previous suit, or those in privity with them, based on the same cause of action. *Id.* Appellant's complaint seeks the repayment of the allegedly overcharged court costs and fees from Appellees based on Appellees' alleged misinterpretation of the applicable statutes. Appellant is not seeking reimbursement from his ex-wife, and Appellees were not parties to prior domestic relations proceedings.

{¶23} Appellant seeks a determination that he and other individuals have been overcharged for court costs and fees, and as a remedy Appellant seeks reimbursement of the amount he was allegedly overcharged plus interest. Appellant challenges Appellees' determination of the amount he owed and whether Appellees misconstrued the applicable statutes—not whether Appellees had the authority to impose court costs and fees. When a citizen is allegedly overcharged money by a government entity, the person can generally file suit for reimbursement or equitable restitution in a court of common pleas. *See, e.g., Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441 (when discussing sovereign immunity the court recognizes plaintiff could sue Ohio Bureau of Workers' Compensation in the common pleas court for unjust enrichment); *Barrow v. New Miami*, 12th Dist. Butler, 2018-Ohio-217, 104 N.E. 3d 814 (unjust enrichment against the city for improper collection of traffic fines); *Barton v. Cnty. of Cuyahoga*, 8th Dist. Cuyahoga No. 105008, 2017-Ohio-7171, ¶ 27 (addressing sovereign immunity when a claim seeks equitable relief, as opposed to money damages); *Ohio Hosp. Assn. v. Ohio Dept. of Human Services*, 62 Ohio St.3d 97, 579 N.E.2d 695 (1991) (finding sovereign immunity inapplicable where requested relief is reimbursement for amounts unlawfully withheld, as opposed to money damages).

{¶24} Upon taking the allegations in Appellant's complaint as true and construing all reasonable inferences drawn from those allegations in favor of Appellant, it does not appear beyond a doubt that he can prove no set of facts entitling him to the relief requested. Civ.R. 12(C); *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, ¶ 17.

Given the liberal pleading standard that applies when addressing a motion to dismiss, the trial court erred by dismissing Appellant's complaint.

Conclusion

**{¶25}** According to the pleadings, Appellant is not challenging Appellees' authority to impose costs and fees and require payment, but contests whether Appellees lawfully exercised its authority under the applicable statutes and correctly interpreted the governing law and charged Appellant in a legal manner. Neither the total amount Appellant owed nor Appellees' methodology for determining the amount he owed were ascertainable via the domestic relations' final judgment. And Appellees were not parties to the prior proceedings and not in privity with them. Consequently, res judicata does not apply, and the trial court erred by granting Appellees' motion for judgment on the pleadings. We reverse and vacate the trial court's November 5, 2021 decision and remand for further proceedings.

Waite, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Medina County, Ohio, is reversed. The trial court's November 5, 2021 decision is vacated. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**JUDGE CAROL ANN ROBB**
**SEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

**JUDGE CHERYL L. WAITE**
**SEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

**JUDGE DAVID A. D'APOLITO**
**SEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**