# IN THE COURT OF APPEALS OF OHIO

## NINTH APPELLATE DISTRICT
## MEDINA COUNTY

NATHAN GAULT, ETC., et al.,

Plaintiffs-Appellants,

v.

CLERK, MEDINA COUNTY COURT OF
COMMON PLEAS et al.

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 2023 CA 0035-M**

---

Civil Appeal from the
Court of Common Pleas of Medina County, Ohio
Case No. 20 CIV 0811

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Judges
Seventh District Court of Appeals, Sitting by Assignment
and
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

**JUDGMENT:**
Reversed and Remanded.

*Atty. Patrick J. Perotti, Atty. Nicole T. Fiorelli, Atty. Frank A. Bartela,* Dworken & Bernstein
Co., L.P.A. for Plaintiffs-Appellants and

*Atty. John T. McLandrich, Atty. Terence L. Williams, Atty. Frank H. Scialdone*, Mazanec, Raskin & Ryder Co., L.P.A. for Defendants-Appellees.

Dated: April 22, 2024

---

**Robb, P.J.**

**{¶1}** Appellant appeals the April 8, 2023 judgment granting Appellees' motion for judgment on the pleadings a second time. Appellant argues the trial court erred as a matter of law when interpreting the applicable statute, which authorizes the clerk of courts to charge a technology and computerization fee. We agree with Appellant and reverse and remand.

Statement of the Case

**{¶2}** Appellant, Nathan Gault, for himself and others similarly situated, filed a class-action complaint in the Medina County Court of Common Pleas in October 2020. As defendants, he named the Medina County Common Pleas Clerk of Courts, the Medina County Treasurer, and the Medina County Board of Commissioners (collectively hereafter Appellees). Appellant identified three causes of actions claiming he was overcharged for unauthorized fees and costs in his separate divorce proceeding, like other individuals similarly situated, based on Appellees' misconstruction of Ohio Revised Code Chapter 2303.

**{¶3}** First, Appellant's complaint alleged the overall charges for computerization of the clerk's office is in excess of its statutory authority. He avers he was a party in the Medina County Court of Common Pleas, Domestic Relations Division, case captioned *Amanda Gault v. Nathan Gault*, Case No. 14DR0527, and at the conclusion of that case, Appellees charged Appellant the costs set forth in the bills of cost attached to his complaint, and Appellant paid these fees and costs detailed in the exhibits. Because Appellees allegedly overcharged Appellant and others in the class in excess of the amount permitted by statute, Appellant alleged he and the other potential class members were damaged in the amount of the overcharged fees and costs plus interest.

{¶4} For count two, Appellant contends Appellees charged him a clerk computer operation fee in excess of the permissible one dollar. He contends Appellees similarly overcharged other members of the proposed class and he and the other unnamed class members were damaged as a result.

{¶5} Last, Appellant asserted an unjust enrichment claim contending Appellees overcharged him, and other proposed class members, and Appellees were unjustly enriched as a result of the overcharging. (October 19, 2020 Complaint.)

{¶6} In response, Appellees moved for judgment on the pleadings raising several alternative arguments. Appellees asserted in part that the Medina County Court of Common Pleas was unable to consider and address Appellant's complaint because Appellant was attempting to collaterally attack the domestic relations court's final judgment via separate litigation. They also claimed because Appellant acknowledged paying the fees he was now challenging, his arguments are moot or waived. (January 13, 2021 Motion for Judgment on the Pleadings.)

{¶7} Alternatively, Appellees asserted Appellant's claims failed as a matter of law based on the plain language of the statutes authorizing the clerk of courts to award court costs and computerization fees and Appellant's statutory interpretations were incorrect. Last, Appellees argued the Medina County Clerk of Courts and the Medina County Treasurer were not capable of being sued since they are not corporate entities, and as such, the claims against them should fail. (January 13, 2021 Motion for Judgment on the Pleadings.)

{¶8} Appellant opposed, and consistent with his complaint, he argued the statutes were unambiguous and he and others were overcharged based on a plain reading of the statutes.

{¶9} Appellant filed his first amended class action complaint in October of 2021 per the trial court's directive to clarify subject matter jurisdiction. His first amended complaint identifies the same three claims for relief. In addition, Appellant contended the clerk of courts charged him more than $500 in improper fees and surmised the clerk overcharged the other potential class members collective charges in excess of $500,000. Appellant's demand for judgment sought in part reimbursement of the amount of money he paid in excess of what was allowed by law based on Appellees' misconstruction of the

applicable statutes and overcharging. The exhibits to the complaint consist of three bills of costs from his domestic relations case, Case Number 14DR0527. The first Bill of Costs, Exhibit A, is dated October 23, 2015. The second Bill of Costs, Exhibit B, is dated October 12, 2017. And the third Bill of Costs, Exhibit C, is dated October 7, 2019. (October 1, 2021 First Amended Complaint.)

**{¶10}** This is the second time this case has been on appeal. The trial court initially granted judgment on the pleadings based on res judicata. We reversed in *Gault v. Clerk, Medina Cnty. Court of Common Pleas*, 2022-Ohio-3955, 200 N.E.3d 646 (9th Dist.). On remand, Appellees moved the court to stay discovery and address the remaining issues raised in its motion for judgment on the pleadings. Appellant opposed, but the court granted the stay.

**{¶11}** Thereafter, the trial court again granted Appellees judgment on the pleadings. The court declined to dismiss two defendants and determine whether two of the three named defendants were sui juris or capable of being sued. It also declined to dismiss based on Appellees' claim that Appellant's claims are moot since he paid the court costs at issue. The trial court held Appellee' interpretation of the statute was correct, and it concluded that Appellant and others similarly situated were not overcharged.

**{¶12}** It explained the clerk was authorized to charge an additional one dollar for computerization for each service. Thus, it concluded that because R.C. 2303.20 directs the clerk to charge one dollar per each page for making a complete record, pursuant to R.C. 2303.201(B)(1), the clerk may charge two dollars for each page. Thus, the trial court granted Appellees judgment on the pleadings on each count of the amended complaint. (April 8, 2023 Judgment.)

Fee Authorized Under R.C. 2303.201(B)(1)

**{¶13}** Appellant's sole assignment of error contends:

"The Trial Court erred in dismissing Counts Two and Three, where the operative statutes (R.C. 2303.20 and .201) do not permit the charges assessed against Plaintiff and the putative class."

**{¶14}** Appellant contends the Medina County Clerk of Courts was correctly charging $1.00 for each page of making the complete record, but incorrectly charging an additional $1.00 for each page for the service of making the record under R.C.

2303.201(B)(1). Appellant claims the trial court committed an error of law in its interpretation of the applicable section of the Revised Code. Instead, Appellant claims the statute is clear in that it allows the clerk to charge an additional one dollar for each *service* performed, not for each page included or covered by that service.

**{¶15}** Appellant argues he and others similarly situated were improperly charged a one dollar per page computerization fee based on the clerk's erroneous reading of R.C. 2303.201(B)(1) and R.C. 2303.20(H). We agree and conclude the trial court's decision granting judgment on the pleadings on this basis is incorrect.

**{¶16}** Appellant does not challenge any other aspect of the trial court's decision, and as such, our analysis is accordingly limited. App.R. 12(A)(1)(b); *Rainy Day Rentals, Inc. v. Next Gen. Properties, Inc.*, 2022-Ohio-3530, 198 N.E.3d 163, ¶ 11 (7th Dist.), *appeal not allowed,* 168 Ohio St.3d 1531, 2023-Ohio-86, 200 N.E.3d 1169.

**{¶17}** Civ.R. 12(C) motions are for resolving questions of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). Thus, our review of a judgment on the pleadings is de novo. *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8.

**{¶18}** When considering a motion for judgment on the pleadings, a court's review is limited to the allegations in the pleadings and the documents attached and incorporated into the pleadings. *Green Tree Servicing, L.L.C. v. Olds*, 9th Dist. Summit No. 27297, 2015-Ohio-3214, ¶ 22. "Dismissal is appropriate under Civ.R. 12(C) when (1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, 174 N.E.3d 713, ¶ 17.

**{¶19}** The issue here is whether R.C. 2303.201(B)(1) authorizes the clerk to charge an additional $1.00 technology and computerization fee *for each page* when it makes the complete record and index or whether it is only to charge one additional $1.00 each time it "makes the complete record."

{¶20} Chapter 2303 of the Revised Code governs Ohio's common pleas clerks of court and sets forth the statutory duties and responsibilities of the clerk. Pursuant to R.C. 2303.20, the clerk has the mandatory duty to charge certain fees as costs.

{¶21} "Costs are * * * the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." *In re Election of November 6, 1990 for the Office of Atty. Gen. of Ohio,* 62 Ohio St.3d 1, 4, 577 N.E.2d 343 (1991) (a particular litigation expense will not qualify as part of "costs" unless it is fixed and taxable according to statute).

{¶22} R.C. 2303.20, sets forth mandatory fees the clerk of courts is required to charge, and states in part:

> [except in certain civil actions filed by inmates,] the clerk *shall* charge the following fees and no more:
> * * *
> (B) Two dollars for taking each undertaking, bond, or recognizance;
> (C) Two dollars for issuing each writ, order, or notice, except subpoena;
> (D) Two dollars for each name for issuing subpoena, swearing witness, entering attendance, and certifying fees;
> * * *
> (F) Two dollars for each page, for entering on journal, indexing, and posting on any docket;
> * * *
> (H) *One dollar for each page*, *for making complete record, including indexing*;
> * * *
> (L) One dollar for each certificate of fact under seal of the court, to be paid by the party demanding it * * *.

(Emphasis added.)

{¶23} R.C. 2303.201 sets forth additional permissible fees for computer services the clerk of courts may charge. The fees are in addition to the mandatory fees in R.C. 2303.20. R.C. 2303.201 states in part:

Case No. 2023 CA 0035-M

(A)(1) The court of common pleas of any county may determine that for the efficient operation of the court additional funds are required to computerize the court, to make available computerized legal research services, or to do both. Upon making a determination that additional funds are required for either or both of those purposes, the court shall authorize and direct the clerk of the court of common pleas to charge one additional fee, not to exceed six dollars, on the filing of each cause of action or appeal under divisions (A), (Q), and (U) of section 2303.20 of the Revised Code.

(2) All fees collected under division (A)(1) of this section shall be paid to the county treasurer. * * *

(3) If the court determines that the funds in the fund described in division (A)(2) of this section are more than sufficient to satisfy the purpose for which the additional fee described in division (A)(1) of this section was imposed, the court may declare a surplus in the fund and, subject to an appropriation by the board of county commissioners, expend those surplus funds, or upon an order of the court, subject to the court making an annual report available to the public listing the use of all such funds, expend those surplus funds, for other appropriate technological expenses of the court.

(B)(1) The court of common pleas of any county may determine that, for the efficient operation of the court, additional funds are required to make technological advances in or to computerize the office of the clerk of the court of common pleas and, upon that determination, authorize and direct the clerk of the court of common pleas to *charge an additional fee*, *not to exceed twenty dollars, on the filing of each cause of action or appeal*, on the filing, docketing, and endorsing of each certificate of judgment, or on the docketing and indexing of each aid in execution or petition to vacate, revive, or modify a judgment under divisions (A), (P), (Q), (T), and (U) of section 2303.20 of the Revised Code *and not to exceed one dollar each* *for the services* described in divisions (B), (C), (D), (F), (H), and (L) of section 2303.20 of the Revised Code. Subject to division (B)(2) of this section, all moneys collected under division (B)(1) of this section shall be paid to the

Case No. 2023 CA 0035-M

county treasurer to be disbursed, upon an order of the court of common pleas and subject to appropriation by the board of county commissioners, in an amount no greater than the actual cost to the court of procuring and maintaining technology and computer systems for the office of the clerk of the court of common pleas.

(Emphasis added.)

{¶24} "A question of statutory construction presents an issue of law that we determine de novo on appeal." *Lang v. Dir., Ohio Dept. of Job & Family Servs.*, 134 Ohio St.3d 296, 2012-Ohio-5366, 982 N.E.2d 636, ¶ 12. We review the statute to determine if its meaning is clear, and if the legislature's intent is evident, we must give effect to the unambiguously expressed intent. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842-843, 104 S.Ct. 2778 (1984).

{¶25} "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus.

{¶26} Absent an ambiguity, "we will apply the statute as written and conduct no further investigation." *State v. Hurd*, 89 Ohio St.3d 616, 734 N.E.2d 365 (2000), citing *State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 584, 651 N.E.2d 995 (1995).

{¶27} "All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously. This court in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict." *West v. Bode*, 2019-Ohio-4092, 145 N.E.3d 1190, ¶ 45 (7th Dist.), *aff'd,* 162 Ohio St.3d 293, 2020-Ohio-5473, 165 N.E.3d 298, quoting *State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305, 942 N.E.2d 357.

{¶28} "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42.

{¶29} "'Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is

clearly evidenced from the face or overall contents of the instrument.' *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph two of the syllabus." *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 212, 519 N.E.2d 1380 (1988). "In enacting a statute, it is presumed * * * [t]he entire statute is intended to be effective[, and a] just and reasonable result is intended * * *." R.C. 1.47(B) and (C).

{¶30} Here, Appellant was evidently charged one dollar for each page for the clerk's function of making the complete record under R.C. 2303.201(B)(1) because of its reference to R.C. 2303.20(H), the mandatory fee section. While it is correct that R.C. 2303.20(H) authorizes a per page fee of one dollar, a plain reading of R.C. 2303.201(B)(1) shows it authorizes a fee of one dollar for each of the *services* performed. Instead of listing those services that may result in an additional one dollar fee under (B)(1), the section refers to the services previously listed in the mandatory fee section. As stated, the mandatory fee section does authorize the per page one dollar fee.

{¶31} The trial court concluded a clerk of courts can charge a $1.00 computerization and technology fee for every page of the record under R.C. 2303.201(B)(1). We disagree.

{¶32} A plain reading of R.C. 2303.201(B)(1) conveys that the clerk is authorized to charge an additional discretionary fee not to exceed twenty dollars upon the filing of a new cause of action or appeal. R.C. 2303.201(B)(1) also permits the charging of a second discretionary "additional fee" "not to exceed one dollar for each of the services" "described in divisions (B), (C), (D), (F), (H), and (L) of section 2303.20."

{¶33} In this context, "service" means "the work performed by one that serves." https://www.merriam-webster.com/dictionary/service accessed October 30, 2023.

{¶34} A plain reading of R.C. 2303.201(B)(1) conveys that the clerk is authorized to charge an "additional fee," which is singular, "not to exceed one dollar for each of the services." This is the computerization service fee section, and it authorizes an additional fee on each service. The only service under R.C. 2303.20(H) is the "making complete record, including indexing." This is a singular service, and as such, a clerk is authorized to charge only one additional fee "not to exceed one dollar" for that service. *Id.*

Case No. 2023 CA 0035-M

**{¶35}** It belies the plain language of the statute to conclude that the clerk is allowed to charge a one dollar fee for each page of the record when it is a singular fee incurred on the service. Regardless of the number of pages in the record, the preparation of it constitutes one service such that a party should be charged a single one dollar fee.

**{¶36}** The one dollar per service fee is separate and distinct from those fees listed in R.C. 2303.20. The fact that R.C. 2303.20 includes a per page fee does not affect the plain language of R.C. 2303.201(B)(1), which does *not* include a per page fee. R.C. 2303.201(B)(1) unambiguously references the "services" in divisions (B), (C), (D), (F), (H), and (L) of section 2303.20; it does not reference or incorporate the per page fees in that section.

**{¶37}** If a clerk of court were to prepare the record on three separate occasions, then, the clerk could charge one additional dollar each time it performed the service, for a total of three, one dollar fees under R.C. 2303.201(B)(1). This would be in addition to the one dollar per page fee mandated by R.C. 2303.20(H), the permissible six dollar fee in R.C. 2303.201(A)(1), and the other permissible fee not to exceed $20 authorized by R.C. 2303.201 (B)(1).

**{¶38}** As for the two cases cited by the trial court, we decline to follow them since neither is controlling. In *State v. Hare*, 5th Dist. Delaware No. 19 CAA 01 0001, 2019-Ohio-3047, ¶ 51, the Fifth District Court of Appeals concluded a three dollar per page fee was permissible when applying R.C. 2303.20(F) and R.C. 2303.201(B)(1).

**{¶39}** *Hare* concluded that R.C. 2303.20(F) dictates a clerk is to charge a two dollar per page fee for "entering on the journal, indexing, and posting on the docket." That amount plus the additional one dollar charge authorized by R.C. 2303.201(B)(1) equaled a $3.00 per page charge. However, *Hare* does not recite or analyze the applicable statutory language. *Id.*

**{¶40}** In *State v. Nicholas*, 2020-Ohio-3478, 155 N.E.3d 304, ¶ 173-176 (2nd Dist.), *rev'd,* 171 Ohio St.3d 278, 2022-Ohio-4276, 217 N.E.3d 745, the Champaign County Clerk of Court charged a $100 flat fee for several filings. *Id.* at ¶ 168. The state did not respond to this argument, except to say the fees were generally permissible. The court of appeals found the flat fee of $100 was impermissible and reversed.

**{¶41}** In its analysis, the court of appeals recited the statutory language of each potentially applicable fee provision in an effort to ascertain the permissible fees in Nicholas' case. The court was attempting to explain what Nicholas should have been charged instead of multiple fees in the amount of $100.

**{¶42}** In doing so, the *Nicholas* Court seemingly conflated R.C. 2303.20(F) and R.C. 2303.201(B)(1), stating: "the only [subsection listed in R.C. 2303.201(B)(1)] involved here is R.C. 2303.20(F). Based on this subsection, the clerk would be authorized to charge an additional dollar 'for each page, for entering on journal, indexing, and posting on any docket.'" *Id.* at ¶ 176. The court did *not* discuss or analyze the statutory language or whether R.C. 2303.201(B)(1) authorizes a $1.00 per page fee or per service fee. *Id.*

**{¶43}** Because the *Nicholas* and *Hare* decisions are contrary to the plain statutory language, we decline to follow them.

**{¶44}** We conclude that the plain language of R.C. 2303.201(B)(1) authorizes charging one dollar per each service rendered, not per page. The statute is not ambiguous. Thus, upon construing the material allegations in the complaint and all reasonable inferences in Appellant's favor, judgment in Appellees' favor was not warranted. Appellant's sole assigned error has merit.

Conclusion

**{¶45}** In light of the foregoing, Appellant's sole assignment of error has merit. We reverse the trial court's decision granting Appellees judgment on the pleadings and remand for further proceedings.

Waite, J., concurs.

Klatt, J., concurs.

Case No. 2023 CA 0035-M

_____

For the reasons stated in the Opinion rendered herein, the assignment of error has merit. It is the final judgment and order of this Court that we reverse the trial court's decision granting Appellee judgment on the pleadings. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellees+

+.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

_____
**JUDGE CAROL ANN ROBB**
**SEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

_____
**JUDGE CHERYL L. WAITE**
**SEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

_____
**JUDGE WILLIAM A. KLATT**
**RETIRED JUDGE OF THE TENTH DISTRICT**
**COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**