[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Gault v. Medina Cty. Court of Common Pleas Clerk*, Slip Opinion No. 2025-Ohio-4699.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4699

GAULT, APPELLEE, *v.* CLERK, MEDINA COUNTY COURT OF COMMON PLEAS, ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Gault v. Medina Cty. Court of Common Pleas Clerk*, Slip Opinion No. 2025-Ohio-4699.]

*R.C. 2303.20(H)—Former R.C. 2303.201(B)(1)—Under the plain text of former R.C. 2303.201(B)(1), a court of common pleas clerk may charge only one additional dollar total for the service of making a complete record under R.C. 2303.20(H), regardless of the number of pages that the record contains—Court of appeals' judgment reversing trial court's judgment interpreting R.C. 2303.20(H) and former R.C. 2303.201(B)(1) to mean that the clerk may charge two dollars per page for making a complete record affirmed.*

(Nos. 2024-0757 and 2024-0999—Submitted June 3, 2025—Decided October 15, 2025.)

APPEAL from and CERTIFIED by the Court of Appeals for Medina County,

No. 2023 CA 0035-M, 2024-Ohio-1530.

_____

FISCHER, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ., joined.

**FISCHER, J.**

{¶ 1} In this case, we are asked to determine the amount of fees a court of common pleas clerk may charge for certain services. R.C. 2303.20(H) requires the clerk to charge a fee of "[o]ne dollar for each page, for making complete record, including indexing." Former R.C. 2303.201(B)(1) allowed the court to determine that "additional funds are required to make technological advances in or to computerize the office of the clerk of the court of common pleas" and upon that determination, authorize the clerk to charge "an additional fee . . . not to exceed one dollar each for the services described in divisions (B), (C), (D), (F), (H), and (L) of section 2303.20 of the Revised Code."[1]

{¶ 2} Appellee, Nathan Gault, was charged two dollars per page for making a complete record following the conclusion of a divorce action. He filed a class-action complaint challenging the fee of an additional dollar per page charged under former R.C. 2303.201(B)(1). The Medina County Court of Common Pleas interpreted R.C. 2303.20(H) and former R.C. 2303.201(B)(1) to mean that the clerk may charge two dollars per page for making a complete record—one dollar under R.C. 2303.20(H) and an additional dollar under former R.C. 2303.201(B)(1), with each page of the record being a separate "service." *See* Medina C.P. No. 20 CIV 0811, 2023 WL 11867816, *2-4 (Apr. 10, 2023). We hold that by the plain text of

_____

1. During the pendency of this case, former R.C. 2303.201(B)(1) was amended by renumbering to R.C. 2303.201(B)(1)(a) and by allowing the clerk to make the additional-funds determination. *See* 2024 Sub.S.B. No. 94 (effective Oct. 24, 2024). Unless otherwise noted, all citations herein to former R.C. 2303.201(B)(1) are to the 2019 Am.Sub.H.B. No. 166 version.

former R.C. 2303.201(B)(1), the clerk may charge only one additional dollar total for the service of making a complete record under R.C. 2303.20(H), regardless of the number of pages that the record contains. Accordingly, we affirm the judgment of the Ninth District Court of Appeals, which reversed the common pleas court's judgment.

**Facts and Procedural Background**

{¶ 3} Gault was a party to a divorce action in the Medina County Court of Common Pleas, Domestic Relations Division. After that action concluded, the clerk of that court charged Gault various fees associated with the action.

{¶ 4} Among the fees charged was the court's "Clerk Computer Operation" fee. Believing that he and others like him had been overcharged for that fee, Gault filed a class-action complaint in October 2022 against appellants, the Medina County Court of Common Pleas clerk; the Medina County treasurer; and Medina County, by and through its board of commissioners (collectively, "appellants"). Gault alleged that the clerk charged him $125 in computer-operation fees, over $100 more than the clerk was statutorily authorized to charge.

{¶ 5} Appellants filed an answer to Gault's complaint and moved for judgment on the pleadings, raising several arguments. The trial court granted appellants' motion, determining that Gault needed to challenge the fees when they were charged at the conclusion of the divorce action and that his claim was therefore barred by res judicata. Medina C.P. No. 20 CIV 0811, 1-2 (Nov. 5, 2021). On appeal, the Ninth District reversed the trial court's judgment. 2022-Ohio-3955, ¶ 25 (9th Dist.). The appellate court held: "Neither the total amount [Gault] owed nor [appellants'] methodology for determining the amount he owed were ascertainable via the domestic relations' final judgment. And [appellants] were not parties to the prior proceedings and not in privity with them. Consequently, res judicata does not apply . . . ." *Id.*

**{¶ 6}** On remand, appellants moved to stay discovery and for the trial court to address the remaining arguments in their motion for judgment on the pleadings. The trial court granted the stay and the motion for judgment on the pleadings. Medina C.P. No. 20 CIV 0811 (Feb. 28, 2023); Medina C.P. No. 20 CIV 0811, 2023 WL 11867816 (Apr. 10, 2023). The trial court held that Gault had not been overcharged and that under R.C. 2303.20(H) and former R.C. 2303.201(B)(1), the clerk was permitted to charge two dollars per page for making the complete record of the divorce action. *See* 2023 WL 11867816 at *2-4.

**{¶ 7}** Gault appealed, and the Ninth District again reversed the trial court's judgment. 2024-Ohio-1530, ¶ 45 (9th Dist.). The appellate court explained that by the plain text of the statutory provisions, the clerk was authorized to charge Gault only one additional dollar total per service under former R.C. 2303.201(B)(1), not an additional dollar "per page." *Id.* at ¶ 30.

**{¶ 8}** Appellants filed a discretionary appeal to this court, and we accepted two propositions of law for review:

> Proposition of Law I: The plain language of R.C. 2303.20(H) authorizes a county clerk of courts to impose a technology fee for "each page" when a record/index is created. (R.C. 2303.20(H) and R.C. 2303.201(B)(1) applied.)
>
> Proposition of Law II: The "service" referred to in R.C. 2303.201(B)(1) is expressly defined by R.C. 2303.20(H) and authorizes a per-page fee for making a complete record—not a one-dollar limitation—to fund technological advances and computerization of the office of the clerk of the court of common pleas. (R.C. 2303.20(H) and R.C. 2303.201(B)(1) applied.)

*See* 2024-Ohio-3227.

4

{¶ 9} Additionally, on appellants' motion, the Ninth District certified a conflict between its judgment and a Fifth District Court of Appeals' judgment in *State v. Hare*, 2019-Ohio-3047 (5th Dist.). No. 2023 CA 0035-M, ¶ 10 (9th Dist. June 28, 2024). Appellants then notified this court of the certified conflict, and we agreed that a conflict exists. 2024-Ohio-3227. We ordered the parties to brief the following certified-conflict question: "'Does R.C. 2303.20(H) authorize the county clerk to impose a computerization/technology fee under R.C. 2303.20[1](B)(1) of "one dollar for each page of making complete record, including indexing" or one dollar total?'" *Id.*, quoting No. 2023 CA 0035-M at ¶ 4 (9th Dist. June 28, 2024). We consolidated the discretionary appeal with the certified-conflict case. *Id.*

**Analysis**

{¶ 10} This case presents a matter of pure statutory interpretation, and our review is therefore de novo. *Wayt v. DHSC, L.L.C.*, 2018-Ohio-4822, ¶ 15, citing *Ceccarelli v. Levin*, 2010-Ohio-5681, ¶ 8. "When a statute is plain and unambiguous, we apply the statute as written, and no further interpretation is necessary." (Citations omitted.) *Id.*

{¶ 11} There are two statutory provisions that we must consider in this case. The first is R.C. 2303.20(H), under which, "the clerk shall charge . . . [o]ne dollar for each page, for making complete record, including indexing." After his divorce action, the clerk charged Gault a fee of one dollar per page for making the complete record under R.C. 2303.20(H). Gault does not dispute this fee.

{¶ 12} The second is former R.C. 2303.201(B)(1), which provides:

> The court of common pleas of any county may determine that, for the efficient operation of the court, additional funds are required to make technological advances in or to computerize the office of the clerk of the court of common pleas and, upon that determination, authorize and direct the clerk of the court of common

> pleas to charge an additional fee . . . not to exceed one dollar each
> for the services described in divisions (B), (C), (D), (F), (H), and (L)
> of section 2303.20 of the Revised Code. . . .

This is the statutory provision under which the clerk charged Gault a fee of an additional dollar per page of the record, which he disputes.

{¶ 13} Former R.C. 2303.201(B)(1) is unambiguous. The clerk could charge only one additional dollar for the entire "service" provided—in this case, making the complete record under R.C. 2303.20(H). Appellants argue that making each page of the record should constitute its own "service." However, this interpretation flatly contradicts the plain meaning of the word "service," which is meant to encompass the entire act described in R.C. 2303.20(H), not every discernible step necessary to accomplish it. Making a complete record is a single service, regardless of the number of pages that the record contains. The clerk could therefore charge only one additional dollar total under former R.C. 2303.201(B)(1).

{¶ 14} This conclusion is further confirmed by the fact that the two statutory provisions at issue use different words to describe the fees that can be charged. "The General Assembly's use of different words signals a different meaning." *Obetz v. McClain*, 2021-Ohio-1706, ¶ 21, citing *Loughrin v. United States*, 573 U.S. 351, 357-358 (2014), and *Kiefer v. State*, 106 Ohio St. 285, 290 (1922). Although this presumption "'readily yields' to [the] context" of a statute, *State v. Noling*, 2018-Ohio-795, ¶ 74, quoting *Environmental Defense v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007), nothing about the context here suggests that the two statutory provisions should mean the same thing despite the clear difference between their texts. R.C. 2303.20(H) requires the clerk to charge a fee of "[o]ne dollar for each page," leaving no realistic doubt about what fees are charged under that statutory provision. The current version of R.C. 2303.20(H) was enacted in 1992. Am.Sub.H.B. No. 405, 144 Ohio Laws, Part IV, 5367, 5379-5380. Former

R.C. 2303.201(B)(1) was amended in 2012 to explicitly reference R.C. 2303.20(H). 2012 Am.Sub.H.B. No. 197. If the legislature truly intended to allow the clerk to charge an additional dollar "for each page" under former R.C. 2303.201(B)(1), it could have simply said that, as it clearly knew how to do so when it mandated charging that exact fee in R.C. 2303.20(H).

{¶ 15} Consistent with this view, we believe that the Ninth District has the better reading of the statutory provisions at issue, as opposed to the Fifth District's judgment, *Hare*, 2019-Ohio-3047 (5th Dist.), with which the Ninth District's judgment conflicts. In response to the certified-conflict question, we hold that R.C. 2303.20(H) authorizes the clerk to impose a computerization/technology fee under former R.C. 2303.201(B)(1) of only one dollar total, not one dollar per page. We reject appellants' propositions of law and affirm the Ninth District's judgment.

## Conclusion

{¶ 16} Under the plain text of former R.C. 2303.201(B)(1), the clerk was authorized to charge Gault only one additional dollar total for the service of making the complete record under R.C. 2303.20(H), regardless of the number of pages that the record contained. Making each page in the record was not a separate service. Thus, the clerk charged Gault fees in excess of the clerk's statutory authority. Accordingly, we affirm the Ninth District Court of Appeals' judgment.

Judgment affirmed.

_____

Dworken & Bernstein Co., L.P.A., Patrick J. Perotti, Nicole T. Fiorelli, and Frank Bartela, for appellee.

Mazanec, Raskin & Ryder Co., L.P.A., John T. McLandrich, and Frank H. Scialdone; and S. Forrest Thompson, Medina County Prosecuting Attorney, and Michael K. Lyons, Assistant Prosecuting Attorney, for appellants.

Elizabeth R. Miller, Ohio Public Defender, and Craig M. Jaquith, Assistant Public Defender, urging affirmance for amicus curiae Office of the Ohio Public Defender.

Garson Johnson, L.L.C., and James A. DeRoche, urging affirmance for amicus curiae Co-Sponsor Member of the Ohio General Assembly.

_____